UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
VIRGINIA SURETY COMPANY, INC.,

                    Plaintiff,

           -against-

TRAMMELL CROW RESIDENTIAL
COMPANY,

                   Defendant.
--------------------------------------------------------X

                                  MEMORANDUM AND ORDER

                                      CV 09-3226

                                    (Wexler, J.)

APPEARANCES:

COZEN O'CONNOR
BY: KEVIN M. MATTESSICH, ESQ.
     PATRICK M. KENNELL, ESQ.
Attorneys for Plaintiffs
45 Broadway, Suite 1600
New York New York 10006-3792

COZEN O'CONNOR
BY: ALICIA G. CURRAN, ESQ.
     CRAIG C. CRAFTON, ESQ.
Attorneys for Plaintiffs
1717 Main Street, Suite 2300
Dallas, Texas 75201-7335

HAYNES AND BOONE, LLP
BY: JONATHAN D. PRESSMANT, ESQ.
Attorneys for Defendant
1221 Avenue of the Americas 26th Floor
New York, New York 10020

HAYNES AND BOONE, LLP
BY: ERNEST MARTIN, JR., ESQ.
     CHARLES C. KEEBLE, JR., ESQ.
Attorneys for Defendant
2323 Victory Avenue, Suite 700
Dallas, Texas 75219-7673

1

WEXLER, District Judge

This is a declaratory judgment action brought by Plaintiff Virginia Surety Company, Inc. ("Virginia Surety" "Plaintiff" or the "Insurer") against Defendant Trammell Crow Residential Company ("Trammell Crow" "Defendant" or the "Insured"). Virginia Surety seeks a judgment stating that it has no duty to defend Trammell Crow in connection with an investigation commenced by the New York State Attorney General with regard to Trammell Crow's compliance with housing discrimination laws. Presently before the court is Defendant's motion seeking transfer to the United States District Court for the Northern District of Texas. For the reasons set forth below, the motion is granted.

## BACKGROUND

I.    The Parties, the Policy and the Attorney General's Investigation

Virginia Surety is an Illinois Corporation with its principle place of business in Chicago, Illinois. Trammell Crow, a company in the business of multi-family residential construction, development, investment, ownership, and management is a Texas Corporation, with principle place of business in Dallas, Texas. In December of 2008, The New York State Attorney General served Trammell Crow with a subpoena duces tecum seeking documents with respect to a residential apartment complex constructed by Trammel Crow in Bellport, New York. Trammell Crow thereafter advised Virginia Surety of the subpoena and requested coverage. Virginia Surety seeks a declaration that it has no duty to insure Trammell Crow.

2

II.     The Motion

The motion before the court seeks transfer of this case, for the convenience of the parties and in the interests of justice, to the United States District Court for the Northern District of Texas.  In support of the motion, Defendant points out that neither party resides in the State of New York.  Defendant argues that commencement of this action in New York, a state with no connection to the coverage dispute, is nothing more that an attempt to avoid the outcome already reached by a Texas court in an analogous situation. See Trammell Crow Residential Co. v. Virginia Surety Co., Inc., 643 F. Supp.2d 844 (N.D. Tex. 2008).   Opposing the motion, Plaintiff argues that its choice of forum should be accorded great weight, and Defendant cannot point to any basis sufficient to upset that choice.  After outlining applicable law, the court will turn to the merits of the motion.

## DISCUSSION

I.      Legal Principles

A.      Discretionary Transfer: General Considerations

28 U.S.C. §1391 ("Section 1391") and 28 U.S.C. § 1404 ("Section 1404") govern the issues of propriety and transfer of venue.  Where the proposed transferee forum is a proper venue under Section 1391, Section 1404 allows for transfer for the convenience of the witnesses or parties and in the interests of justice. 28 U.S.C. §1404(a) (allowing for transfer to any other district where the action "might have been brought").  The burden on such a motion is on the party seeking transfer.  Longo v. Wal-Mart Stores, Inc., 79 F. Supp.2d 169, 170-71 (E.D.N.Y. 1999).

3

When determining whether transfer will serve the convenience of witnesses and parties, and is in the interests of justice, the court looks to several factors, including: (1) convenience of witnesses; (2) convenience of parties; (3) locus of operative facts; (4) availability of process to compel the attendance of unwilling witnesses; (5) location of relevant documents and other sources of proof; (6) relative means of the parties; (7) relative familiarity of the forum with the governing law; (8) weight accorded to the plaintiff's choice of forum and (9) the interests of justice. In re Hanger Orthopedic Group, Inc. Securities Litigation, 418 F. Supp.2d 164, 167-68 (E.D.N.Y. 2006); Longo, 79 F. Supp.2d at 171. This court has broad discretion in making its transfer determination and "notions of convenience and fairness are considered on a case-by-case basis." D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 106 (2d Cir 2006).

II.    Disposition of the Motion

At the outset, the court notes that both this and the proposed transferee district are appropriate venues. Trammell Crow does not deny that it is subject to personal jurisdiction in either New York or Texas. Since both venues are appropriate under the venue statute, the court turns to consider whether the interests of justice would be served by transfer of this matter to Texas.

The court notes that neither party resides in the State of New York. The insurance company is an Illinois corporation with its principle place of business in Chicago, and the insured is a Texas corporation with its principle place of business located in that state. Despite the fact that neither party is incorporated in New York, Virginia Surety chose to

4

commence this action here, and relies heavily on the general rule affording weight to the plaintiff's choice of forum. It is generally true that the plaintiff's choice of forum will not be disturbed "unless the balance of convenience and justice weigh heavily in favor of defendant's forum . . . ." Citigroup, Inc. v. City Holding, 97 F.Supp.2d. 549, 561 (S.D.N.Y.2000) (internal quotations omitted).

Where, as here, however, the plaintiff does not reside in the forum where the case is commenced, its choice of forum is entitled to significantly less weight. See Reinhard v. Dow Chemical, 2007 WL 2324531 *4 (S.D.N.Y. 2007); Royal Ins. Co. v. Tower Records, Inc., 2002 WL 31385815 *3 (S.D.N.Y. 2002); Hall v. South Orange, 89 F Supp.2d 488, 494 (S.D.N.Y. 2000) ("plaintiff's choice of forum is accorded less weight ... when that forum is 'neither the [plaintiff's] home nor the place where the operative facts of the action occurred.") (citation omitted). This is especially true where plaintiff's choice of forum appears to be for a strategic advantage, and not for the real convenience of parties or witnesses. See Liberty Mutual Fire Insurance v. Costco Wholesale Corp., 2007 WL 2435159 *2 (S.D.N.Y. 2007).

Other factors are either neutral or weigh in favor of transfer. In light of the fact that documents can be easily viewed from any location, the location of documents is a neutral factor. As to the location of witnesses, neither party can argue that New York is a more convenient forum for its key witnesses. This must be true since it appears that the terms of the insurance contract were negotiated either in Illinois or Texas, but certainly not in New York. Trammell Crow asserts that there are witnesses with knowledge as to

5

the making and meaning of the contract of insurance that are located in Texas. The only argument that Virginia Surety can make with respect to witness location is that New York is equally inconvenient for both parties, and that Texas is more convenient only for Trammell Crow. While Illinois might have been a more convenient forum of the Chicago-based Plaintiff, any such argument is irrelevant here, since the only issue is the convenience of New York versus the convenience of Texas. Where, as here, the party requesting transfer shows the convenience of transfer for its witnesses, and the opposing party cannot argue that the chosen forum is more convenient for its witnesses, transfer is favored. Royal Ins. Co. v. Tower Records, Inc., 2002 WL 31385815 *6 (S.D.N.Y. 2002). What appears to be inconvenient to the Insurer is not the location of its witnesses, but the possibility of litigating an issue similar to one that it has already lost in the insured's home forum.

Important to the dispute here is the issue of the locus of operative facts. As to this issue, the court looks to the "site of events from which the claim arises." Royal, 2002 WL 31385815 *3 (S.D.N.Y. 2002) (citation omitted). Where, as here, the issue is whether coverage exists, the "event" from which the claim arises is the making of the insurance contract, and not the location of the incident which triggered the making of the claim. See Liberty Mutual, 2007 WL 2435159 *3; Royal, 2002 WL 13185815 *4. The location of the site being investigated by the New York State Attorney General is therefore, not the locus of operative facts in the present dispute. The coverage dispute before the court is a contractual dispute regarding the interpretation of a contract of insurance entered into

6

between parties from Illinois and Texas. The locus of operative facts is therefore not in New York, but the location of the making of the contract of insurance. Accord Liberty Mutual, 2007 WL 2435159 *3; Royal, 2002 WL 13185815 *4.

Finally, the contract of insurance will likely be interpreted in accord with the laws of the State of Texas. This fact weighs in favor of transfer to Texas because it makes Texas the state with the greatest interest in the implementation and interpretation of the law to be applied in this case. While this court can certainly ascertain and apply the law of the State of Texas, consideration of the relative familiarity of the forum with the governing law weighs in favor of transfer.

In sum, the Court holds that Plaintiff's choice of forum is entitled to little weight, and that the consideration of all other relevant factors weigh in favor of transfer. Accordingly, the motion to transfer is granted.

## CONCLUSION

For the foregoing reasons, Defendants' motion to transfer is granted. The Clerk of the Court is directed to transfer the file in this matter to the United States District Court for the Northern District of Texas, to terminate all outstanding motions and to close the file in this case.

SO ORDERED

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Central Islip, New York
December  /  , 2009

7